NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MARY PETTUS,                         :
                                     :
    Plaintiff,               :           Civil Action No. 15-7041 (SRC)
                                     :
v.                                   :           **OPINION**
                                     :
COMMISSIONER OF SOCIAL               :
SECURITY,                            :
                                     :
    Defendant.               :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Mary Pettus ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for supplemental security benefits, alleging disability beginning April 14, 2007, subsequently amended to June 29, 2011. A hearing was held before ALJ Barbara Dunn (the "ALJ") on October 9, 2013, and the ALJ issued an unfavorable decision on April 24, 2014, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of April 24, 2014, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work, with certain important nonexertional limitations, particularly the restrictions to simple and routine work, no contact with the public, occasional contact with co-workers, and no high production demands.  At step four, the ALJ also found that Plaintiff had no past relevant work.  At step five, the ALJ consulted a vocational expert and concluded that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds, both of which challenge the step four residual functional capacity determination as conclusory and not supported by substantial evidence.

The issues in this case involve only nonexertional impairments.  At step four, the ALJ began by noting Plaintiff's history of emotional and substance abuse problems.  The ALJ then reviewed the reports and evaluations from various treating and consultative medical professionals.  The ALJ then stated that she gave the greatest weight to the opinions of four state agency psychological consultants: 1) Dr. Bencivenne reviewed the records and completed a mental residual functional capacity assessment dated March 19, 2012, concluding that, "with some limitations, the claimant is able to understand, remember and follow simple instructions, respond, maintain/sustain CPP, relate and adapt adequately" (Tr. 63); 2) Dr. Campion reviewed Dr. Bencivenne's evaluation and additional records and affirmed Dr. Bencivenne's findings on October 1, 2012 (Tr. 73); 3) Dr. Tan reviewed the records on January 2, 2008 and concluded,

"Clt can follow at least simple commands.  Can maintain CPP, social interaction and work adaptation with some structure and support" (Tr. 241); and 4) Dr. Williams reviewed the records on December 15, 2010 and concluded, "Claimant is capable of understanding instructions and maintaining pace and persistence in simple, routine, low contact work" (Tr. 259.)  These four medical reports are quite consistent and constitute substantial evidence supporting the ALJ's residual functional capacity determination.  Even excluding the two reports dated prior to the amended onset date in 2011, the two evaluations from 2012 constitute substantial evidence supporting the ALJ's residual functional capacity determination.  Furthermore, as the Commissioner notes, the record contains no physician statements that Plaintiff has functional limitations that preclude her from working.

     Plaintiff first challenges the residual functional capacity determination on the ground that the ALJ failed to give proper credence to Plaintiff's subjective complaints.  The ALJ discussed Plaintiff's subjective complaints and concluded that her statements were not entirely credible "for the reasons explained in this decision." (Tr. 20.)  While it is true that this statement is not a model of clarity, it is fairly obvious from the discussion that follows that Plaintiff's statements about her condition varied considerably over time.  For example, the ALJ noted the following: the record contains records from University Behavioral Health Care from a visit on March 26, 2013 in which Plaintiff reported daily marijuana smoking for the past three months.  (Tr. 435.)  At the hearing on October 9, 2013, Plaintiff testified that it had been "maybe about a year" since she had last used illegal drugs.  (Tr. 37.)  As another example, the ALJ noted that Plaintiff testified at the hearing in October of 2013 that she will not go out alone, but the records from Dr. Gomez-Rivera show that, in July of 2013, he gave the diagnosis of panic disorder <u>without</u>

agoraphobia. (Tr. 459.) Also, Plaintiff filled out a form, dated September 30, 2011, in which she stated that she could go out alone. (Tr. 175.) The ALJ discussed these examples on the same page on which her "reasons explained in this decision" statement appears. (Tr. 20.)

The point of these examples is not to re-decide the ALJ's credibility determination. Rather, it is to address the argument that the ALJ failed to adequately explain the reasons for her credibility determination. The ALJ pointed out conflicts and inconsistencies in Plaintiff's statements that make it sufficiently clear why the ALJ found Plaintiff's subjective reports not entirely credible.

"[T]he ALJ is empowered to evaluate the credibility of witnesses." Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). The latest Social Security Ruling on this subject, SSR 16-3p, effective March 28, 2016, describes how ALJs are to evaluate a claimant's statements about symptoms. SSR 16-3p makes clear that the central concept is consistency:

> In determining whether an individual's symptoms will reduce his or her corresponding capacities to perform work-related activities or abilities to function independently, appropriately, and effectively in an age-appropriate manner, we will consider the consistency of the individual's own statements. To do so, we will compare statements an individual makes in connection with the individual's claim for disability benefits with any existing statements the individual made under other circumstances.
>
> We will consider statements an individual made to us at each prior step of the administrative review process, as well as statements the individual made in any subsequent or prior disability claims under titles II and XVI. If an individual's various statements about the intensity, persistence, and limiting effects of symptoms are consistent with one another and consistent with the objective medical evidence and other evidence in the record, we will determine that an individual's symptoms are more likely to reduce his or her capacities for work-related activities or reduce the abilities to function independently, appropriately, and effectively in an age- appropriate manner.

The ALJ considered Plaintiff's statements in the context of the entire record, found some

inconsistency, and therefore, pursuant to SSR 16-3p, determined that Plaintiff's claimed symptoms were less likely to reduce her capacity to work. The ALJ did not err in her treatment of Plaintiff's subjective complaints.

Plaintiff next argues that the residual functional capacity determination is conclusory and not supported by the medical evidence. This is not so. The ALJ's decision explains the basis for the residual functional capacity determination. As already discussed, the residual functional capacity determination is supported by substantial evidence, the reports from Drs. Bencivenne and Campion.

Plaintiff next contends that the residual functional capacity determination does not comport with the requirements of SSR 96-8p and, while quoting the Ruling accurately, fails to persuade the Court that the determination is in error. As Plaintiff's brief notes, SSR 96-8p states this requirement for the narrative discussion: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." The ALJ's residual functional capacity determination meets this requirement.

Lastly, Plaintiff argues that, at step five, the hypothetical presented to the vocational expert was incomplete. The transcript from the hearing shows that the ALJ presented to the vocational expert a hypothetical which fully reflects the nonexertional limitations found at step four. (Tr. 50.) Because this Court has concluded that the residual functional capacity determination was supported by substantial evidence, the ALJ did not err in the construction of the hypothetical presented to the vocational expert. Third Circuit law requires "that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established

5

limitations." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).  The record shows that the ALJ followed this mandate.

     Plaintiff has failed to persuade this Court that the ALJ erred in her decision or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


                                    s/ Stanley R. Chesler
                                  STANLEY R. CHESLER, U.S.D.J.

Dated: October 6, 2016